IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
**ENTERED**
January 22, 2019
David J. Bradley, Clerk

|                                              |   |          |
|----------------------------------------------|---|----------|
| ROBERT MITCHELL JENNINGS,                    | § |          |
|                                              | § |          |
| Petitioner,                                  | § |          |
|                                              | § |          |
| v.                                           | § | H-09-219 |
|                                              | § |          |
| LORIE DAVIS, Director,                       | § |          |
| Texas Department of Criminal                 | § |          |
| Justice-Correctional Institutions Division,  | § |          |
|                                              | § |          |
| Respondent.                                  | § |          |

## Denial of Stay of Execution

Robert Mitchell Jennings is scheduled for execution on January 30, 2019. On January 22,

2019, he filed a motion for relief from this Court's prior judgment denying a claim in his petition

for a writ of habeas corpus as procedurally defaulted.

## Background

Jennings was sentenced to death for murdering Houston Police Officer Elston Howard during

a robbery. While Jennings' federal habeas corpus petition was making its way through the courts,

the Supreme Court issued its decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*,

569 U.S. 413 (2013). In *Martinez*, the Supreme Court carved out a narrow equitable exception to

the rule that a federal habeas court cannot consider a procedurally defaulted claim of ineffective

assistance of counsel.

> [W]hen a State requires a prisoner to raise an ineffective-assistance-
> of-trial-counsel claim in a collateral proceeding, a prisoner may
> establish cause for a default of an ineffective-assistance claim . . .

1

> where appointed counsel in the initial-review collateral proceeding
> ... was ineffective under the standards of *Strickland v. Washington*,
> 466 U.S. 668 ... (1984). To overcome the default, a prisoner must
> also demonstrate that the underlying ineffective-assistance-of-trial
> counsel claim is a substantial one, which is to say that the prisoner
> must demonstrate that the claim has some merit.

*Id.* at 13-14. *Trevino* established that Texas state habeas corpus proceedings are initial-review collateral proceedings for purposes of *Martinez*.

On September 20, 2018, Jennings filed a motion for appointment of new counsel. His motion argued that his former counsel labored under a conflict of interest. This was the case because the same attorney represented Jennings in both state and federal habeas corpus proceedings, and because a claim might exist under the *Martinez* rule, which would require a showing that state habeas counsel was ineffective. Because this is a death penalty case, this Court, in an abundance of caution, appointed conflict-free counsel on October 23, 2018 to determine if such a claim was available to Jennings. On December 21, 2018, Jennings filed a motion to stay his execution, arguing that his new counsel needs additional time to investigate possible claims. Respondent opposes the motion. On January 22, 2019, Jennings filed a motion for relief from this Court's prior judgment, arguing that his federal habeas proceedings lacked integrity because his counsel labored under a conflict of interest. He further argues that a meritorious claim of ineffective assistance of trial counsel was procedurally defaulted because prior counsel failed to raise the claim in Jennings' state habeas proceedings.

## Discussion

### A.   Rule 60(b)

Rule 60(b) allows a losing party to seek relief from judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Fed. R. Civ. Pro. 60(b);

*see Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). Relief is available under Rule 60(b) in habeas proceedings only in conformity with AEDPA, including its limits on successive federal petitions. *Gonzalez*, 545 U.S. at 529. An ostensible Rule 60 motion is a subsequent habeas corpus petition if the Rule 60 motion presents a "claim" for habeas relief. The Court provided examples in *Gonzalez*, explaining that a Rule 60(b) motion is a habeas petition when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated.

Jennings raises a claim that this Court previously denied as procedurally defaulted. He argues that prior counsel's alleged conflict of interest undermines the integrity of the federal habeas corpus proceeding, bringing the claim under Rule 60(b).

> [T]o bring a proper Rule 60(b) claim, a movant must show "a non-merits-based defect in the district court's earlier decision on the federal habeas petition." *Balentine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010). Accordingly, if the Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings," rather than the resolution on the merits, then the motion is not treated as a second-or-successive petition. *Gonzalez*, 545 U.S. at 532, 125 S.Ct. 2641.

*In re Edwards*, 865 F.3d 197, 204 (5th Cir.), *cert. denied sub nom. Edwards v. Davis*, 137 S. Ct. 909, 197 L. Ed. 2d 83 (2017). A Rule 60(b) motion based on habeas counsel's conflict of interest is an attack on the integrity of the proceedings. *Clark v. Davis*, 850 F.3d 770, 779-80 (5th Cir.), *cert. denied*, 138 S.Ct. 358 (2017). Jennings' motion is not a successive petition and is properly brought under Rule 60(b).

B.    Timeliness

A Rule 60(b) motion must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). "Timeliness . . . is measured as of the point in time when the moving party has grounds to make [a Rule 60(b)] motion . . . ." *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004). The grounds for Jennings' proposed claim arose when the Supreme Court decided *Trevino*. *See Clark*, 850 F.3d at

781-82. The Supreme Court issued its *Trevino* decision on May 28, 2013, approximately five years and eight months before Jennings filed his Rule 60(b) motion. The Rule 60(b) motion is therefore untimely.

Jennings, relying on *Maples v. Thomas*, 565 U.S. 266 (2012), argues that he should not be held responsible for the delay because his counsel was conflicted. In *Maples*, the petitioner was represented by *pro bono* counsel. The attorneys filed a state postconviction petition. While that petition was pending, the attorneys left their law firm, but never advised the petitioner of their departure and never withdrew as counsel of record. The state habeas court's decision was mailed to counsel and returned to the court unopened. The petitioner was unaware that his counsel abandoned him. With no counsel on the case, the petitioner missed a deadline to file an appeal thereby procedurally defaulting claims. His subsequent federal habeas corpus petition was denied based on that procedural default. *Id.* at 270-71. The Supreme Court held that the petitioner's abandonment by his counsel could serve as cause to excuse the procedural default.

The Court distinguished between attorney abandonment and attorney error, expressly holding that error, such as miscalculating a deadline, does not constitute cause. *Id.* at 281-82. This case is closer to the attorney error situation than it is to attorney abandonment. Jennings' prior counsel continued to vigorously and zealously represent Jennings by, for example, filing a successive state habeas corpus application and moving in the Texas Court of Criminal Appeals for reconsideration of Jennings' original state habeas corpus application. It was prior counsel who called his own conflict of interest to the attention of this Court, and moved for appointment of conflict-free counsel. Because, however, there is a possibility that the claim raised in the 60(b) motion was not raised earlier due to counsel's conflict, and because the facts of this case do not fit squarely into either the "attorney error" or "attorney abandonment" category, the Court will grant Jennings a certificate of

appealability on this issue.

C.    Certificate of Appealability

A petitioner may obtain a certificate of appealability ("COA") either from the district court

or an appellate court, but an appellate court will not consider a petitioner's request for a COA until

the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir.

1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue

to review COA requests before the court of appeals does."). "A plain reading of the AEDPA

compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate

review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431

(5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his

application involves issues that are debatable among jurists of reason, that another court could

resolve the issues differently, or that the issues are suitable enough to deserve encouragement to

proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966

(2000). The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the
> merits, the showing required to satisfy § 2253© is straightforward:
> The petitioner must demonstrate that reasonable jurists would find the
> district court's assessment of the constitutional claims debatable or
> wrong. The issue becomes somewhat more complicated where . . .
> the district court dismisses the [motion] based on procedural grounds.
> We hold as follows: When the district court denies a [60(b) motion]
> on procedural grounds without reaching the prisoner's underlying
> constitutional claim, a COA should issue when the prisoner shows,
> at least, that jurists of reason would find it debatable whether the
> [motion] states a valid claim of the denial of a constitutional right and
> that jurists of reason would find it debatable whether the district court
> was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jennings presents a colorable claim of ineffective assistance of trial counsel. Jurists of reason could disagree as to whether prior counsel's conflict of interest excuses his delay in filing his Rule 60(b) motion. A COA is granted on the issue of whether the conflict of interest renders his Rule 60(b) motion timely.

D.    Motion to Stay Execution

Prior to filing his Rule 60(b) motion, Jennings moved to stay his January 30 execution. That motion was predicated on a purported need for additional time to investigate and prepare a Rule 60(b) motion. As Jennings has now filed a detailed 56 page Rule 60(b) motion, his motion to stay his execution is moot.

E.    Motion to Seal

Jennings also filed a motion to seal two exhibits filed in connection with his motion to stay. The exhibits both clearly reflect attorney work product and were submitted to demonstrate diligence by Jennings' attorneys. The motion to seal is granted to protect the attorney work product.


Signed on January 22, 2019, at Houston, Texas.


Lynn N. Hughes
United States District Judge