# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-70005

United States Court of Appeals
Fifth Circuit
**FILED**
January 28, 2019
Lyle W. Cayce
Clerk

ROBERT MITCHELL JENNINGS,

    Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

    Respondent - Appellee

United States District Court
Southern District of Texas
**FILED**
JAN 2 9 2019
David J. Bradley, Clerk of Court

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-219

Before STEWART, Chief Judge, SOUTHWICK and HAYNES, Circuit Judges.

PER CURIAM:*

    Robert Mitchell Jennings, a Texas state prisoner on death row convicted in 1989 and scheduled to be executed on January 30, 2019, filed a Rule 60(b)(6) motion in district court. From 1996 until October 2018, he had the same counsel representing him in state and federal habeas matters. Through newly appointed counsel, Jennings filed his motion on January 22, 2019. He claimed

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-70005

that his longtime attorney had a conflict of interest that caused him not to take advantage of United State Supreme Court authority that would have allowed presentation of issues that depended on proof of that pre-existing counsel's ineffectiveness. The district court denied all relief on the grounds that the Rule 60(b)(6) motion was untimely, refused to stay the execution, and granted a certificate of appealability on the issue of timeliness. We AFFIRM and DENY a stay of execution.

## FACTUAL AND PROCEDURAL BACKGROUND

The background facts of this case are set forth in our original opinion from 2013, so we refer to them only briefly here. *Jennings v. Stephens*, 537 F. App'x 326, 327-29 (5th Cir. 2013) (*Jennings I*), *rev'd and remanded*, 135 S. Ct. 793 (2015) (*Jennings II*). Jennings was convicted in 1989 for the murder of Houston, Texas police officer Elston Howard. Jennings' conviction and sentence were affirmed by the Texas Court of Criminal Appeals in 1993. Attorney Randy Schaffer began to represent Jennings in post-conviction proceedings, filing a state habeas application in September 1996 and supplementing it in 2001. The trial court entered findings of fact and conclusions of law in 2006. The Texas Court of Criminal Appeals denied relief in 2008.

In 2009, Jennings filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Southern District of Texas. The district court granted the application, finding that Jennings had received ineffective assistance of counsel. Specifically, the court found that counsel was ineffective for failing to present mitigation evidence regarding

2

No. 19-70005

Jennings' disadvantaged background and for failing to investigate Jennings' mental health. Texas appealed.

This panel handed down its first opinion in Jennings' habeas proceedings in July 2013. *Jennings I*, 537 F. App'x at 336. We found that the district court erred in granting relief on two of Jennings' ineffective assistance of counsel claims under *Wiggins v. Smith*, 539 U.S. 510 (2003). *Id.* at 330-35. As an alternative ground, we also addressed an argument concerning mitigation that the district court did not consider because it had found the claim was not exhausted in the state habeas proceeding; we held that the claim was meritless and unexhausted. *Id.* at 335-37 (citing *Penry v. Lynaugh*, 492 U.S. 302 (1989) and *Penry v. Johnson*, 532 U.S. 782 (2001)). Finally, we dismissed a "cross-point" Jennings raised under *Smith v. Spisak*, 558 U.S. 139 (2010) for lack of jurisdiction because Jennings did not first seek a COA from the district court on that point. *Jennings I*, 537 F. App'x at 338-39.

In response, Jennings filed a petition for rehearing in our court. He relied on the newly issued *Trevino* opinion and on *Martinez*, then argued that if we had been correct in concluding that Jennings' "state counsel failed to exhaust this argument in state court, then clearly he was ineffective." He requested a remand to district court to develop the issue. We denied rehearing, which effectively denied the argument about the new caselaw. Jennings did not raise this point again until recently.

The Supreme Court granted certiorari solely on the question of whether Jennings was required to take a cross-appeal or seek a certificate of appealability on his cross-point; the Court held he was not. *Jennings II*, 135

3

No. 19-70005

S. Ct. at 798, 802. On remand, this panel in 2015 affirmed the district court's denial of relief on the cross-point. *Jennings v. Stephens*, 617 F. App'x 315, 319 (5th Cir. 2015) (*Jennings III*).

Jennings filed a subsequent state habeas application in May 2016 and supplemented it in July 2016. The Texas Court of Criminal Appeals dismissed the subsequent applications in May 2018. The court denied reconsideration on September 19, 2018. A petition for a writ of certiorari from that decision remains pending in the Supreme Court. Case No. 18-6848 (filed Nov. 20, 2018).

On September 20, 2018, Jennings, still represented by Schaffer, filed a motion for appointment of conflict-free counsel in the United States District Court for the Southern District of Texas. The district court granted the motion, appointing Edward Mallett as counsel on October 23, 2018, then appointing two Federal Public Defenders as co-counsel a month later. On December 21, 2018, Jennings' new counsel filed a motion for a stay of execution in the district court. On January 22, 2019, Jennings filed a motion for relief from judgment under Rule 60(b)(6). The district court denied the motion and dismissed the motion to stay. Jennings appealed and filed another motion to stay his execution with this court.

## DISCUSSION

We have two matters before us. One is whether to grant the motion to stay the imminent execution.[1] The other is whether there has been a sufficient

---

[1] Jennings contends that we are required to grant a stay, given the district court's grant of a COA. However, the law is to the contrary, as granting a stay is discretionary. 28 U.S.C. § 2251(a). Further, granting a stay based upon the appointment of counsel in the district court is limited to 90 days, a time period that has already passed. § 2251(a)(3).

4

showing under Rule 60(b)(6) to set aside the judgment in Jennings' federal habeas claim, resolved against him finally in 2015. The district court granted Jennings a certificate of appealability ("COA") on the issue of whether the Rule 60(b)(6) motion, filed by newly appointed counsel the week prior to our ruling today, should be denied because it was untimely. As we will explain, the COA brought us jurisdiction to consider all other record-based grounds to support the denial. If we conclude that the Rule 60(b)(6) motion was properly denied, there is no reason for us to grant a stay of execution.

Among Jennings' arguments is that we must give *de novo* review to the district court's denial. Our caselaw is to the contrary. *Clark v. Davis*, 850 F.3d 770, 778 (5th Cir. 2017) (applying abuse of discretion standard). Ultimately, however, our resolution of this appeal does not depend on the standard of review. We conclude that issues of the ineffectiveness of trial counsel that Jennings wishes to raise were resolved against him years ago. He may not use the vehicle of a Rule 60(b)(6) motion to reopen that issue, even if he is using allegedly intervening Supreme Court authority in the attempt.

*A. Rule 60(b)(6) motion to set aside denial of federal habeas relief*

The procedural right Jennings wishes to use was initially identified in a Supreme Court decision in 2012, in which the Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 566 U.S. 1, 17 (2012). It is fair to say that there was at least uncertainty that *Martinez* would apply to ineffective assistance of counsel

No. 19-70005

claims in Texas until, 14 months later, the Court extended the rationale of *Martinez* to Texas convictions where procedural rules made it "highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino v. Thaler*, 569 U.S. 413, 429 (2013). To assert the rights identified in these decisions, capital habeas petitioners may have conflict-free counsel appointed in federal court. *See Clark*, 850 F.3d at 780.

We note here that in both *Martinez* and *Trevino*, the inmate was bringing his initial application for a writ of habeas corpus under 28 U.S.C. § 2254. *See Martinez*, 566 U.S. at 7-8; *Trevino*, 569 U.S. at 419-20. Rather differently, Jennings is seeking to use the mechanism of a Rule 60(b)(6) motion to set aside the initial federal judgment denying relief under Section 2254. Under that rule, a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). The "any other reason" means a reason other than those set out in subparts (1) through (5). *Rocha v. Thaler*, 619 F.3d 387, 389-400 (5th Cir. 2010). Other reasons must constitute "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

The Rule 60(b) questions present some potentially credible issues of what is "extraordinary" and how timeliness is measured in the "conflicted counsel" arena. Among the relevant legal principles is that *Martinez* and *Trevino together* qualify as a "'change in decisional law after entry of judgment"; such a change does not constitute [extraordinary] circumstances and is not alone grounds for relief from a final judgment.'" *Raby v. Davis*, 907 F.3d 880, 884

6

No. 19-70005

(5th Cir. 2018) (quoting *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012) (alteration in original). Our *Clark* decision examines closely how to determine timeliness. 850 F.3d at 781-83. Further, finality is important in all decisions, but "in the context of habeas law, comity and federalism elevate the concerns of finality, rendering the 60(b)(6) bar even more daunting." *Diaz v. Stephens*, 731 F.3d 370, 376 n.1 (5th Cir. 2013). The Supreme Court itself has addressed the use of Rule 60(b)(6) in a death penalty case when a COA was denied. *See Buck v. Davis*, 137 S. Ct. 759, 778-79 (2017). An additional issue is presented by the fact that "conflicted counsel" actually presented this very *Martinez/Trevino* issue five years ago in his petition for rehearing in this court, so it is not truly "new." After we denied rehearing, Jennings' counsel did not raise it in the Supreme Court or before any court that we know of until the motion in the district court filed by new counsel this month. Neither party addresses how the fact that conflicted counsel previously, belatedly, and unsuccessfully raised this point intersects with Rule 60(b).

We conclude it is unnecessary to answer these various questions. Even were we to answer all of them in his favor, Jennings' underlying *Martinez/Trevino* argument lacks merit. As we move to that dispositive issue, we dispense with a false limit Jennings would place on our analysis. We may go beyond what the district court held, which was to deny relief solely due to the untimeliness of the motion. The Supreme Court's 2015 decision in Jennings' own case explains why:

> An appellee who does not take a cross-appeal may "urge in support of a decree any matter appearing before the record,

No. 19-70005

although his argument may involve an attack upon the reasoning of the lower court."

*Jennings II*, 135 S.Ct. at 798 (quoting *United States v. Am. R. Express Co.*, 265 U.S. 425, 435 (1924)). Our resolution of the underlying issue is a "matter appearing before the record."

### B. Initial resolution of Jennings' Penry claims

Jennings, through his new counsel, argues that the initial habeas counsel, Schaffer, was ineffective at the state level in presenting his *Penry* claim. The 2013 panel of this court considered Jennings' mitigation evidence claims at some length.[2] The standard he needed to meet, and still does, was that the state habeas court's decision denying him relief

> (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

The argument at that time was that his trial counsel had failed to present proper evidence either of Jennings' mental impairment or of his disadvantaged background. *Jennings I*, 537 F. App'x at 329. As to his mental capacity, we concluded that Jennings had failed to show prejudice because the evidence presented in the habeas proceedings was conflicting, which was not sufficient to show that the state habeas court has acted unreasonably in

---

[2] Jennings did "not advance a pure-*Penry* argument. Instead, he argues that the failure to offer mitigating evidence of his background deprived him of an argument on appeal that the nullification instruction violated his Eighth and Fourteenth Amendment rights, which could have resulted in overturning his sentence." *Jennings*, 537 F. App'x 336-37.

8

rejecting the claim. *Id.* at 334. On Jennings' disadvantaged background, the evidence was both favorable and unfavorable, "a 'double-edged' sword" that "might permit an inference that he is not as morally culpable for his behavior, [but] also might suggest [that he], as a product of his environment, is likely to continue to be dangerous in the future." *Id.* at 335 (quoting *Ladd v. Cockrell*, 311 F.3d 349, 360 (5th Cir. 2002)) (alterations in original). There, too, the state habeas court had not acted unreasonably in rejecting the claim. *Id.*

After making those determinations, which were sufficient to deny relief, we stated that "we need not consider whether counsel's decision prejudiced Jennings." *Id.* Nonetheless, we did consider. Our holding was that counsel "did not provide the Texas Court of Criminal Appeals with a fair opportunity to consider the substance of his argument [on state habeas review] — he inserted it in a footnote at the end of his brief." *Id.* at 337. That additional holding does present an issue of counsel ineffectiveness but only on a point that was an independent reason for denying relief.

In summary, our 2013 decision addressed the underlying issue of mitigation evidence now asserted to support the claim. We held that the state habeas court had not unreasonably applied federal law nor unreasonably determined the facts. The final judgment denying Jennings' Section 2254 application was not based on procedural default but instead on the upholding of the state habeas court's decision regarding the mixed nature of the evidence. Yes, we discussed procedural default as an alternative ground, but our holding did not depend on that.

9

No. 19-70005

At most what is being argued now is that Schaffer may have been able to argue more than he did about the mitigation evidence. We already held in our 2013 opinion that the state habeas court had not been unreasonable in holding that trial counsel had satisfied his constitutional obligation of representation in deciding what evidence to present. Thus, the prerequisite for applying *Trevino*, which is "a procedural default" that otherwise would "bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial," *Martinez*, 566 U.S. at 17, does not exist in this case.

We AFFIRM the denial of the Rule 60(b)(6) motion. We DENY the motion for a stay of execution and the motion for a stay pending appeal.

**Certified as a true copy and issued as the mandate on Jan 28, 2019**

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# *United States Court of Appeals*
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE  
CLERK

TEL. 504-310-7700  
600 S. MAESTRI PLACE,  
Suite 115  
NEW ORLEANS, LA 70130

January 28, 2019

Mr. David J. Bradley  
Southern District of Texas, Houston  
United States District Court  
515 Rusk Street  
Room 5300  
Houston, TX 77002

      No. 19-70005    Robert Jennings v. Lorie Davis, Director  
                           USDC No. 4:09-CV-219

Dear Mr. Bradley,

Enclosed is a certified copy of an opinion-order entered on January 28, 2019. We have closed the case in this court.

                                    Sincerely,

                                    LYLE W. CAYCE, Clerk

                                    By: _____  
                                    Debbie T. Graham, Deputy Clerk

Enclosure(s)

cc:  
      Mr. Joshua Aaron Freiman  
      Mr. Edward A. Mallett  
      Mr. Tivon Schardl  
      Ms. Ellen Stewart-Klein